CLYDE *v.* WARE, executrix, *et al.; el vice versa.*

ATKINSON, J. On April 1, 1911, George Ware and W. J. Harper entered into a contract with Mrs. Eula Clyde, whereby Ware and Harper undertook to lease to Mrs. Clyde a described house and lot, with an option to purchase the property, the option to be exercised at the expiration of 11-½ months after the date of the contract. Mrs. Clyde entered possession of the property, and, having paid rent as provided in the contract, duly elected to exercise the option. She executed a series of purchase-money notes payable in monthly installments, except one which was for a stated sum and bore interest payable semi-annually. In 1917, when some of the notes were overdue, the unpaid notes and bond for title were retired by the execution of new notes and a new bond for title. On August 26, 1921, Mrs. Clyde executed a quitclaim deed purporting to convey the property to George Ware, and contemporaneously with such deed George Ware and Mrs. Clyde executed a written contract which, omitting formal parts, was as follows: "Whereas heretofore,

to wit, on July 31, 1917, George Ware and W. J. Harper sold to Mrs. Eula Clyde under bond for title that certain property known as # 117 North Lawn Street in the City of Atlanta, Georgia, for the consideration of $3,500.00, payable as follows: $959.58 cash, the assumption of a loan of $1,500.00, and the balance at the rate of $25.00 per month, said installments being evidenced by 41 notes for $25.00 each and one for $15.42; and whereas, only fifteen (15) of said notes have been paid, and all the remainder (being 27 in numbering) being now due and remaining unpaid, and whereas heretofore, to wit, on April 8, 1920, the said George Ware loaned to Mrs. Eula Clyde the sum of $700.00, which is evidenced by one certain promissory note dated that date and due on or before April 8, 1920, which note is past due and remains unpaid; and whereas the interest on said loan was not paid when due by the said Mrs. Eula Clyde, but was later paid by the said George Ware, and for said interest the said Mrs. Clyde gave to the said Ware her note for the sum of $107.78 dated March 2, 1921, and due one day after date, which note also remains unpaid; all of said indebtedness being itemized as follows [setting forth the items, dates of notes, principal and interest to date of the contract], making a total of $1,744.38, and whereas the said purchase-money notes, by agreement between the said George Ware and the executrix of the will of said W. J. Harper, have become and now are the property of said George Ware; and whereas the said Mrs. Eula Clyde is unable to pay said sums: It is therefore agreed as follows: 1. That said Mrs. Eula Clyde will, and does contemporaneously with the signing of this instrument, execute and deliver to said George Ware a quitclaim deed covering the above-mentioned property. 2. The said Mrs. Eula Clyde will pay interest coupon for the semi-annual interest on said loan, which interest coupon falls due on the 1st of August, 1921. 3. The said Mrs. Eula Clyde will pay the State and County and City taxes for the year 1921 (and all previous years if the same have not been paid). 4. The said Mrs. Eula Clyde will pay the said George Ware rent on said premises at the rate of fifty ($50.00) per month, the same to be paid monthly in advance beginning with September 1, 1921. 5. The said George Ware hereby gives and grants to the said Mrs. Eula Clyde an option to purchase the said described property by complying strictly with all of the conditions mentioned in Nos. 1, 2, 3, and 4 above, and by paying to him, the said George Ware, the sums above mentioned and itemized on or before the first day of January, 1922. Time being of the essence of this contract, it is agreed that unless each and every one of the conditions named in Nos. 1, 2, 3, and 4 above set out are not strictly complied with by the said Mrs. Eula Clyde, and unless she makes the payments to him of the indebtedness hereinabove set forth on or before the first day of January, 1922, then this option shall cease and terminate and be ever afterward absolutely null and void. In the event this option is exercised by the said Mrs. Eula Clyde within the time specified, George Ware will make, execute, and deliver to her a sufficient title to the above-described property, subject to the said loan." *Held:*

1. The quitclaim deed of 1921, from Mrs. Clyde to Ware, conveyed to him all right, title, and interest which she had acquired under the previous contracts of purchase between her and Ware, and the contemporaneous

contract of that year superseded all previous contracts between the parties, and the right of Mrs. Clyde to purchase these premises thereunder.

2. Under a proper construction the contract of 1921 was dual in its nature. It was (a) a contract of lease and (b) a contract granting Mrs. Clyde an option to purchase, as distinguished from a contract of sale.

3. The option to purchase depended upon performance by Mrs. Clyde of all the terms set out in the contract as stipulations numbered 1, 2, 3, 4, and 5. Failure to perform the obligations imposed by any one of the stipulations within the time specified would defeat the option to purchase.

4. The auditor did not err in holding that said contract of 1921 was an option to purchase, which the optionee was not entitled to exercise, because of her failure to perform the obligations imposed upon her by all the terms and conditions upon which the option was granted.

5. Though conflicting, the evidence was sufficient to show that the payments made by the optionee after the expiration of the time in which she could exercise the option were payments of rent under a tenancy at will, and not in pursuance of the written contract.

6. The auditor was also authorized to find that Ware, by receiving rents for the premises after the right of purchase under the option had expired, did not waive the right to insist that the option was not binding because of the failure of Mrs. Clyde to perform all the terms and conditions specified in the option to purchase.

7. The petition alleges that the payments made by the plaintiff after the expiration of the time limit in which she could exercise her option, were made "on the purchase-price of said realty." Under the evidence the auditor was authorized to find that these payments were made as payments of rent on this realty, and not as purchase-price. This being so, the judgment overruling the oral motion to dismiss the petition did not preclude the auditor from declaring what the law was if the payments were made as rent.

8. The foregoing rulings dispose of the controlling questions involved, and it is unnecessary to deal with other questions that are raised.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Hill, J., absent on account of illness.*

Nos. 5454, 5455. MARCH 5, 1927.

Equitable petition. Before Judge Humphries. Fulton superior court. April 7, 1926.

*Weltner & Sims,* for plaintiff.  *James E. Warren,* for defendants.